IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PETER R. TIA, #A1013142, | ) CIV. NO. 17-00089 LEK-KSC |
| | ) |
| Plaintiff, | ) ORDER DENYING IN FORMA |
| | ) PAUPERIS APPLICATION AND |
| vs. | ) DISMISSING ACTION PURSUANT |
| | ) TO 28 U.S.C. § 1915(g) |
| HCF INMATE GRIEVANCE | ) |
| SPECIALIST, et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**ORDER DENYING IN FORMA PAUPERIS APPLICATION AND
DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915(g)**

Before the court is pro se Plaintiff Peter R. Tia's

prisoner civil rights complaint and in forma pauperis

("IFP") application.  ECF Nos. 1, 3.  Tia alleges that

Hawaii Department of Public Safety prison officials,

the City and County of Honolulu, and the Hawaii

Attorney General's office have failed to timely mail

his documents, failed to answer his letters, and denied

him photocopying services.

**I.   28 U.S.C. § 1915(g)**

A prisoner may not bring a civil action or appeal a

civil judgment if he has:

on 3 or more prior occasions, while
incarcerated . . ., brought an action or appeal
in a court of the United States that was
dismissed on the grounds that it is frivolous,
malicious, or fails to state a claim upon which
relief may be granted, unless [he] is under
imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Section 1915(g) "should be used to deny a

prisoner's IFP status only when . . . the district

court determines that the [earlier] action was

dismissed because it was frivolous, malicious or failed

to state a claim."  *Andrews v. King*, 398 F.3d 1113,

1121 (9th Cir. 2005).  "[D]ocket records may be

sufficient to show that a prior dismissal satisfies at

least one of the criteria under § 1915(g)."  *Id.* at

1120.

Tia has accrued three "strikes" under § 1915(g),

and has been notified of these strikes.[1]  Tia may not

proceed in a civil action without concurrent payment of

--------

[1]*See Tia v. Criminal Investigation*, 1:10-cv-00441 DAE (D.
Haw. 2010) (dismissed as frivolous and ftsc); *Tia v. Criminal
Investigation*, 1:10-cv-00383 SOM (D. Haw. 2010); and (same); *Tia
v. Fujita*, 1:08-cv-00575 HG (D. Haw. 2009) (dismissed for failure
to state claim).  *See* PACER Case Locator
http://pacer.psc.uscourts.gov.

the civil filing fee unless he plausibly alleges that

he was in imminent danger of serious physical injury

based on Defendants' actions when he filed suit.

## II.   <u>THE IMMINENT DANGER EXCEPTION</u>

The imminent danger "exception applies if the

complaint makes a plausible allegation that the

prisoner faced 'imminent danger of serious physical

injury' at the time of filing."  *Andrews v. Cervantes*,

493 F.3d 1047, 1055 (9th Cir. 2007).  This "exception

turns on the conditions a prisoner faced at the time

the complaint was filed, not some earlier or later

time."  *Id.* at 1053.  Claims of "imminent danger of

serious physical injury" cannot be triggered solely by

complaints of past abuse.  *See Ashley v. Dilworth*, 147

F.3d 715, 717 (8th Cir. 1998); *Luedtke v. Bertrand*, 32

F. Supp. 2d 1074, 1077 (E.D. Wis. 1999).

Tia's allegations do not show that he was in

imminent danger of serious physical injury when he

commenced this action and he may not proceed without

concurrent payment of the civil filing fee.  Tia's IFP

application is DENIED.

### III.   CONCLUSION

The IFP application is DENIED and this action is

DISMISSED without prejudice to Tia's refiling these

claims in a new action with concurrent payment of the

civil filing fee.   Any pending motions are terminated.

The Clerk of Court is DIRECTED to close the case and

note this dismissal is pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED:   HONOLULU, HAWAII, March 8, 2017.



 /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Tia v. HCF Inmate Grievance Specialist, et al.,* 1:17-cv-00089 LEK/KSC; 3stk 2017/Tia
17-89 lek